# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MAURICE ANTHONY POTILLO (#747521)**          **CIVIL ACTION NO.**

**VERSUS**                                                         **24-551-SDD-SDJ**

**ELIZABETH MURRILL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 16, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MAURICE ANTHONY POTILLO (#747521)**       **CIVIL ACTION NO.**

**VERSUS**      **24-551-SDD-SDJ**

**ELIZABETH MURRILL, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Maurice Anthony Potillo, who is representing himself and who is confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, has filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person In State Custody."[1] Because Potillo failed to exhaust state court remedies before filing his Petition in federal court, it is recommended that the Petition be dismissed without prejudice. There is no need for oral argument or for an evidentiary hearing.

## I.  PROCEDURAL HISTORY

According to the Petition, on August 21, 2020, Potillo was sentenced to fifteen years hard labor without the possibility of probation, parole, or suspension of sentence after pleading guilty to two counts armed robbery.[2] Potillo claims his fifteen-year sentence is excessive[3] and challenges whether his guilty plea was knowing and voluntary.[4] Petitioner admits no direct appeal was filed and that post-conviction proceedings are ongoing.[5]

---

[1] R. Doc. 1, p. 23. Documents filed into the record are referred to as "R. Doc. __." Though Potillo labeled part of the Petition as being brought under § 2241, the substance of it makes clear that it should be brought under § 2254 because it challenges the underlying sentence. *See* 28 U.S.C. §§ 2241 & 2254. Further, he completed the form petition under § 2254. R. Doc. 1, p. 23. Regardless, under § 2241 or § 2254, Potillo's claims are subject to dismissal as unexhausted.

[2] R. Doc. 1, pp. 1-2.

[3] R. Doc. 1, p. 2.

[4] R. Doc. 1, pp. 4-5.

[5] R. Doc. 1, p. 2.

## II.  POTILLO FAILED TO EXHAUST STATE COURT REMEDIES BEFORE FILING A FEDERAL HABEAS PETITION

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief must exhaust his claims by presenting them for review before the courts of the state of confinement before filing them in federal court.[6] This exhaustion requirement is satisfied when the substance of a federal habeas claim has been "fairly presented" to the highest state court, either on direct review or on post-conviction attack.[7] As a general rule, relief is available on a federal habeas petition only when all the claims in the petition have been exhausted through the state courts.[8] A district court may notice on its own motion a petitioner's failure to exhaust state court remedies.[9]

It is clear that Potillo's claims have not been "fairly presented" to the highest state court in Louisiana, either on direct review or on post-conviction attack, such that his claims are unexhausted within the meaning of 28 U.S.C. § 2254(b). Potillo makes clear that he "did not

---

[6] 28 U.S.C. § 2254 provides in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A) the applicant has exhausted the remedies available in the courts of the State;
>
> > …
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[7] *Smith v. Quarterman*, 515 F.3d 392, 400;402 (5th Cir. 2008) (The exhaustion of state court remedies … requires a petitioner to provide the highest court of the state a fair opportunity to apply controlling federal constitutional principles to the same factual allegations before a federal court may review any alleged errors.") (citation omitted); *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980).

[8] *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim—the "total exhaustion" requirement. *Id.* at 518-19; 522.

[9] *Kurtzemann v. Quaterman*, 306 Fed.Appx. 205, 206 (5th Cir. 2009). The 14-day period for Potillo to file any objections to this Magistrate Judge's Report and Recommendation provides him with notice and an opportunity to respond to the exhaustion issue.

exhaust state remedies because Attorney neglected to file any. Petitioner filed Post-Conviction in which Ineffective Counsel issues were raised and proceedings are currently active in 19th Judicial District Court."[10] In the form Petition, Petitioner indicates post-conviction proceedings concluded on March 20, 2023, but despite this discrepancy, it remains clear that, even if post-conviction proceedings concluded in the district court, any higher review of Potillo's claims has not concluded.[11] As a result, his Petition should be dismissed, without prejudice, for failure to exhaust state court remedies.[12]

### III.    A CERTIFICATE OF APPEALABILITY SHOULD BE DENIED

If the recommendation dismissing Potillo's claim is adopted, and should Potillo seek to appeal, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a

---

[10] R. Doc. 1, p. 2.

[11] R. Doc. 1, pp. 9-15. The Court confirmed a lack of higher court decisions via a search of the Westlaw database, which revealed no decisions.

[12] *Frazier v. Smith*, No. 14-756, 2016 WL 6987062, at *2 (M.D. La. May 23, 2016), *report and recommendation adopted*, No. 14-756, 2016 WL 6986537 (M.D. La. Nov. 28, 2016). Potillo has a two-year period after the date upon which his judgment of conviction and sentence become final within which to file applications for post-conviction relief. *See* La Code Crim. P. art. 914, addressing the method and time of appeal, and La Code Crim. P. art. 930.8, addressing the time limitations for filing an application for post-conviction relief. It is unclear if Potillo filed an appeal from the denial of his application for post-conviction relief. In the event that he did not file an appeal, his claims are likely procedurally defaulted. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); s*ee also Magouirk v. Phillips,* 144 F.3d 348 (5th Cir. 1998).  In that case, federal review of the claim is prohibited unless Potillo "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim [] will result in a fundamental miscarriage of justice." *Jones v. Jones,* 163 F.3d 285, 296 (5th Cir. 1998) (citations omitted). Potillo has not alleged any facts that demonstrate cause for his failure to properly present his claims to the Louisiana Supreme Court. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Potillo has not demonstrated cause or prejudice. To establish a fundamental miscarriage of justice, Petitioner would have to demonstrate that he is actually innocent of the offense, which he has also not shown. *Ortez v. Dretke*, 108 Fed.Appx. 188, 190 (5th Cir. 2004), citing *Murray*, 477 U.S. at 496. Accordingly, to the extent Potillo has not brought his claims to the appellate court and his claims are procedurally defaulted, he has not demonstrated cause and prejudice or that failure to consider his claims would result in a fundamental miscarriage of justice, so this Court is precluded from undertaking review of the claims raised in the habeas application. Though dismissal of a procedurally defaulted claim is with prejudice, because it remains unclear if Potillo has raised his claims on appeal, the Court dismisses this case without prejudice.

certificate of appealability."[13] Although Potillo has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[14] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[15] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[16] In this case, reasonable jurists would not debate the correctness of the procedural ruling that Potillo's claims are unexhausted, such that a certificate of appealability should be denied.

## IV.     RECOMMENDATION

**IT IS RECOMMENDED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person in State Custody, filed by Maurice Potillo, be **DENIED** as unexhausted and that this proceeding be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Potillo seeks to appeal a decision dismissing his claims, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 16, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] 28 U.S.C. § 2253(c)(1)(a).

[14] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

[15] 28 U.S.C. § 2253(c)(2)

[16] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).